**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                            Case No.:    3:08-cr-75-J-34JRK
                                                                     3:11-cv-1068-J-34JRK

MELVIN EVINS NANCE,

    Defendant.

## ORDER

This case is before the Court on Defendant Melvin Nance's "Motion Pursuant to Rule 60(b)(6) or construe as Motion for Coram Nobis" (sic). (Crim. Doc. 142; Motion).[1] The United States has responded (Crim. Doc. 145; Response), and Nance has replied (Crim. Doc. 148; Reply). For the reasons below, the Motion is due to be dismissed.

Nance was convicted of one count of being a felon in possession of a firearm, and the Court sentenced him to a term of imprisonment of 151 months after determining he qualified to be sentenced as an armed career criminal under 18 U.S.C. § 924(e). (See Crim. Doc. 91; Judgment).[2] The United States Court of Appeals for the Eleventh Circuit affirmed Nance's conviction and sentence on direct appeal. United States v. Nance, 426 F. App'x 801, 803 (11th Cir.), cert. denied, 565 U.S. 912 (2011). Nance then filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which the Court

---

[1] Citations to the record in the instant criminal case will be denoted as "Crim. Doc. __." Citations to the record in the related 28 U.S.C. § 2255 case, Melvin Nance v. United States, No. 3:11-cv-1068-J-34JRK, will be denoted as "Civ. Doc. __."

[2] The Court sentenced Nance below § 924(e)'s 15-year mandatory minimum because he qualified for a substantial assistance reduction. (See Crim. Doc. 90; Minute Entry).

1

denied in a substantive 34-page order. (See Civ. Doc. 19; Order Denying § 2255 Motion). Nance sought to appeal that order, but on November 18, 2013, the Eleventh Circuit denied his request for a certificate of appealability (COA). (Civ. Doc. 23; USCA Order Denying COA).

More than three and a half years after the Eleventh Circuit denied his request for a COA, Nance filed the instant Motion, in which he seeks relief under Rule 60(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), or alternatively, a writ of error coram nobis. Nance argues that the Court incorrectly sentenced him under the Armed Career Criminal Act (ACCA) because the Court erred in classifying his prior convictions for the sale or delivery of cocaine as serious drug offenses.[3] Nance relies on Mathis v. United States, 136 S. Ct. 2243 (2016), to argue that the Court misapplied the modified categorical approach in determining that his prior drug convictions were ACCA predicates. Nance also argues that trial counsel was ineffective because he failed to object to the ACCA enhancement.

The United States counters that Nance's Motion is not a true Rule 60 motion because he substantively attacks the legality of his sentence. Response at 2-3. Thus, the United States contends "that the defendant's motion is, in substance, a second and successive (and untimely) motion to vacate his sentence, which he did not previously receive authorization from the court of appeals to file." Id. at 2 (citing 28 U.S.C. § 2255(h)). Additionally, the United States contends that Nance's challenge to his ACCA sentence lacks merit because his prior drug convictions remain serious drug offenses. Id. at 3-8.

---

[3] According to the Presentence Investigation Report (PSR), Nance was an armed career criminal because he had three prior convictions in Florida for the sale or delivery of cocaine. PSR at ¶¶ 41, 60, 61, 63. The Eleventh Circuit has held that the sale or delivery of cocaine, in violation of Florida Statute section 893.13(1)(a), is a serious drug offense. United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014).

## I. Rule 60(b)(6)

According to Rule 60(b)(6), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Relief from 'judgment under Rule 60(b)(6) is an extraordinary remedy.'" Arthur v. Thomas, 739 F.3d 611, 628 (11th Cir. 2014) (quoting Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996)). "Consequently, relief under Rule 60(b)(6) requires showing '"extraordinary circumstances" justifying the reopening of a final judgment.'" Id. (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)). A change in decisional law, for example, is not enough to create the "extraordinary circumstances" to invoke Rule 60(b)(6). Gonzalez, 545 U.S. at 535-38; Howell v. Sec'y, Fla. Dep't of Corr., 730 F.3d 1257, 1260-61 (11th Cir. 2013).

Using Rule 60(b) to present new claims for relief from a court's judgment of conviction – "even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." Gonzalez, 545 U.S. at 531 (citing 28 U.S.C. § 2244(b)(2)); see also 28 U.S.C. § 2255(h). Thus, when a Rule 60(b) motion asserts a new claim of constitutional error, or the existence of newly discovered evidence, it "is in substance a successive habeas petition and should be treated accordingly." Gonzalez, 545 U.S. at 531.

Pursuant to 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…." 28 U.S.C. § 2255(h). Indeed, the statute directs that "[b]efore a second or successive application

3

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)).

Here, Nance's Motion – to the extent it purportedly relies on Rule 60(b)(6) – seeks relief from his sentence in light of the Supreme Court's decision in Mathis, 136 S. Ct. 2243. Nance again attacks the validity of the ACCA enhancement, arguing that the Court erred in classifying his prior drug convictions as serious drug offenses. Thus, the Motion is in substance a second or successive motion under 28 U.S.C. § 2255. However, Nance has not obtained permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion. Because the Eleventh Circuit has not authorized Nance to file a second or successive motion to vacate, the Court lacks jurisdiction over the instant Motion. Holt, 417 F.3d at 1175. As such, the Motion is due to be dismissed for lack of jurisdiction.

**II.     Petition for Writ of Error Coram Nobis**

Alternatively, Nance seeks relief under a writ of error coram nobis. "The writ of error coram nobis is an extraordinary writ, limited to cases in which 'no statutory remedy is available or adequate.'" United States v. Brown, 117 F.3d 471, 474-75 (11th Cir. 1997) (quoting Lowery v. United States, 956 F.2d 227, 228–29 (11th Cir.1992)). "A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person ... who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C.

4

§ 2255 or § 2241." Chaidez v. United States, 568 U.S. 342, 345 n.1 (2013) (citation omitted). Thus, "[c]oram nobis relief is unavailable to a person … who is still in custody." United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999) (citing Brown, 117 F.3d at 475). According to the Federal Bureau of Prisons, Nance is currently incarcerated at a federal correctional institution, and will remain so until June 25, 2021.[4] Because Nance is still in custody, coram nobis relief is not available to him. Garcia, 181 F.3d at 1274.

Because Nance is pro se, the Court liberally construes his pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). That means "look[ing] beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). The Court has considered whether the Motion could be construed as a motion under 28 U.S.C. § 2255 or a habeas corpus petition under § 2241, but neither is availing. For the reasons discussed in Section I, construing the Motion as one under § 2255 is futile because the Eleventh Circuit has not authorized the filing of a second or successive motion to vacate. See also Garcia, 181 F.3d at 1275 (finding that it would be futile to construe a coram nobis petition as a second or successive § 2255 motion). Likewise, construing the Motion as a habeas corpus petition under § 2241 is equally futile. A federal prisoner may not invoke § 2255(e)'s savings clause and file a § 2241 petition to argue that an intervening change in case law invalidates his ACCA sentence. See McCarthan v. Director, Goodwill Indus. – Suncoast, Inc., 851 F.3d 1076, 1085-90 (11th Cir. 2017) (en banc). Rather, a federal prisoner may file a § 2241 petition to challenge the execution of his sentence, such as the deprivation of good-time credits, or if the sentencing court has been dissolved. Id. at 1092–

---

[4] https://www.bop.gov/inmateloc/

5

93 (internal citations omitted). But neither circumstance applies here. Nance does not challenge the execution of his sentence, nor is the sentencing court unavailable. Like the petitioner in McCarthan, Nance seeks to substantively attack his ACCA sentence in light of an intervening change in the case law.

Moreover, "[a] petition for a writ of habeas corpus may only be brought in the court having jurisdiction over the petitioner or his place of incarceration." Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985). "As [Nance] is incarcerated at the Federal Correctional Institute in [Yazoo City, Mississippi], he is outside the jurisdiction of the [Middle District of Florida] for habeas corpus purposes." Id. Therefore, the Court lacks jurisdiction over Nance's Motion to the extent it could be construed as a § 2241 petition.

### III. Conclusion

To the extent Nance moves for relief under Rule 60(b)(6), the Motion is in substance an unauthorized second or successive § 2255 motion. To the extent Nance seeks coram nobis relief, the writ is inapplicable, and the Motion cannot be reconstrued under an alternative statutory framework. As such, Nance's Motion is due to be dismissed.

### IV. Certificate of Appealability

The undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Nance "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)),

or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such it is hereby **ORDERED:**

1. Defendant Melvin Nance's "Motion Pursuant to Rule 60(b)(6) or construe as Motion for Coram Nobis" (Crim. Doc. 142; Motion) is **DISMISSED**.

2. If Nance appeals the dismissal of the Motion, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of June, 2019.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Petitioner